IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JANEEN R. NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 425-326 |
| | ) | |
| ST. JOSEPH CANDLER HOSPITAL; | ) | |
| SUSAN J. MAHONY, MD; and B. COWAN, | ) | |
| CFSA, | ) | |
| | ) | |
| Defendants. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because she is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I.    FACTUAL BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Defendants committed medical malpractice by operating on her without first administering a pregnancy test, and as a result she suffered a miscarriage. While the complaint itself is bereft of detail or dates, Plaintiff attached medical records pinpointing the date of her miscarriage and related dilation and curettage (D&C) procedure as August 10, 2005.

## II.    DISCUSSION

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief.  See 28 U.S.C. § 1915(e)(2)(B).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

**A.    The Complaint Should Be Dismissed for Lack of Federal Subject Matter Jurisdiction**

Plaintiff does not specify any basis for jurisdiction in her complaint and failed to complete Section II of the complaint form that details the citizenship of all parties. Accordingly, she has failed to allege facts establishing jurisdiction.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Because Plaintiff failed to allege facts showing this Court has subject matter jurisdiction, the case should be dismissed.

**B.**     **The Complaint Should Be Dismissed as Time-Barred**

Because Plaintiff miscarried more than twenty years ago, her malpractice claim is barred by O.C.G.A. § 9-3-71, which created a two-year statute of limitations and a five-year statute of repose.  With respect to the statute of repose, subsection (b) provides that "in no event may an action for medical malpractice be brought more than five years after the date on which the negligent or wrongful act or omission occurred."  See Bradway v. Am. Nat. Red Cross, 992 F.2d 298 (11th Cir. 1993) (dismissing suit as time-barred based on Georgia five-year statute of repose for medical malpractice); Kaminer v. Canas, 653 S.E.2d 691, 693-694 (2007) (explaining relevant date for statute of limitations and statute of repose in medical malpractice cases is date on which negligent or wrongful act or omission occurred); see also Wilson v. Obstetrics & Gynecology of Atlanta, P.C., 696 S.E.2d 339, 344 (2010) (discussing Georgia statute of repose and tolling).  Further, the statute of repose was in effect at the time of the alleged injury.  See Hanflik v. Ratchford, 848 F. Supp. 1539, 1546 (N.D. Ga. 1994), aff'd, 56 F.3d 1391 (11th Cir. 1995) (noting Georgia five-year statute of repose for medical malpractice was enacted in 1985).  For these reasons, even if the Court had jurisdiction, the complaint is still subject to dismissal as time-barred.

**II.**     **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for lack of jurisdiction and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4